Mr. Justice Johnson
delivered the opinion of the court;
The grounds taken in support of the present motion are very various, but they do not exist in point of fact or are resolvable into the single question, whether it was incumbent on the defendant to give notice to the plaintiff that the clock did not keep time, in a reasonable time after it was discovered?
In the construction of a contract, the intention of the parties to he collected from the instrument, (if in. writing,) *298 should be constantly in view, and in their performance*good faith and fair dealing is always-required. And from hence, I deduce the rule that when a contract stipulates for the performance of a-condition on the event of a contingency, the occurrence of which must he known to one df the parties, but not necessarily known to the other, it is the duty of him to whom it is' known, ter give notice of it to the other: On this principle, it was held in the case of Miller vs. Parsons, (9 Johnson, 336,) that where a deed Contained a covenant for such further assurance as the grantee Or his counsel should reasonably devise ; that before the grantee could bring an action for the breach, he was bound to devise such other assurance and to give notice thereof to the grantor, and allow him a reasonable time to consider of it.
In this case, the plaintiff agreed that if the clock did not perform well he would make it, or furnish one that would'.Now the clock was in the possession of the defendant, arid its deñciences were necessarily known to him, but not to the plaintiff who resided at some distance ; and it was' incumbent on him, according to the rule', to give notice to the plaintiff, that he might perform his part of the contract by making it keep time or furnishing one that would'.
What w'ould or would not be a reasonable time in which the notice should be given is not, as I am aware of, fixed fey any rule, afi'd must be left to the exercise of a sound discretion under all the circumstances ;, respect being had to the nature of the conditions to be performed, and the contiguity of the parties to each other; and for the purposes of this case, it is only necessary to observe that considering the nature of the contract and the situation of the parties, a notice at the éxpiration of fifteen months was not in reasonable' .time/
The motion is refused,
Herndon, for the motion.
Farnandis, contra.
Justices Notl, Richardson, Huger and Colcoch, concurred.
Justice Gantt dissented.